UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:04CV-P173-R

**WILLIAM WALKER**                                                                                    **PLAINTIFF**

**v.**

**STEVE WILSON**
**CHRIS COHRON**                                                                                     **DEFENDANTS**

### OPINION

The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 ("1983") and the Americans with Disabilities Act ("ADA"). This matter is before the court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff is currently incarcerated at the Kentucky State Reformatory. As defendants, he names Warren Circuit Judge Steve Wilson and Warren County Commonwealth's Attorney Chris Cohron. He sues these defendants in their individual and official capacities and seeks declaratory and injunctive relief.

As the plaintiff's statement of claim, he writes:

> This is a declaratory action in which The plaintiff seeks a declaratory judgment which clarifies and settles The disputed legal relations at issue between The parties having adverse legal interests under a 1976 unpublished Opinion of The Kentucky Supreme Court. A declaratory judgment which construes, clarifies And declares The proper interpretation and meaning of The 1976 Opinion of The Kentucky Supreme Court in The case <u>Willie B. Walker vs. Comm. of Ky.</u>, No. 75-628 (Ky 1976) and The rights of The parties affected Thereunder, not Theretofore determined because There is an actual controversy where certain State Officials have developed a custom or usage of violating The 1976 Opinion, when it suits Their interests, and without concern because of The plaintiff's disability and his incapacity To understanding what They were doing.

In an attached memorandum, the plaintiff more specifically reports that he was indicted in Warren County in 1989 and sent to the Kentucky Correctional Psychiatric Center ("KCPC") for an evaluation as to his competency to stand trial. Thereafter, the Warren Circuit Court held a competency hearing, "which [] violated The 1976 Opinion of The Kentucky Supreme Court by Applying The Kentucky Rules of Evidence, Rule 702 'Testimony by Experts' in The Context of The New Penal Code, necessary For it To consider The evidence and To govern The competency proceedings in which it Found Walker incompetent To Stand Trail and Ordered Walker returned to K.C.P.C." Months later, a second competency hearing was held, and the plaintiff was found competent to stand trial. He was placed on "pretrial diversion For 5 years," and on April 4, 1994, the Warren Circuit Court entered an order dismissing the charges against him.

As to the named defendants, the plaintiff reports,

> In 1989, defendant Steve Wilson was not The Warren Circuit Judge, and defendant Chris Cohron was not The Warren County Commonwealth Attorney, but Those who held Their offices, Together by way of custom, usage or practice, easily violated The Applicable 1976 Supreme Court precedent, which by repetition and uninterrupted acquiescence in The Warren District Court, has acquired The Force of Tacit and Common Consent.

The plaintiff further alleges that the Warren Circuit Court and the Commonwealth's Attorney's Office "violated the Americans with Disabilities Act (ADA) 42 USC 12202 by violating The 1976 Supreme Court decree And committing Walker To The Kentucky Correctional Psychiatric Center [] without due process of Law." He claims (1) that he has a disability, *i.e.*, a diagnosis of chronic paranoid schizophrenia since 1976; (2) that he was entitled to his rights under the 1976 Opinion; and (3) that the circuit court and the prosecutor's office "denied him his rights because of his disability (inability to comprehend The meaning of The 1976 Opinion)."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this Court is not required to create a claim

for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require this court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  42 U.S.C. § 1983

Any challenge to the 1976 Supreme Court Opinion or its application to the 1989 Warren Circuit Court proceedings is time barred by the applicable one-year statute of limitations. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (concluding that § 1983 actions in Kentucky are limited by the one-year statute of limitations found in KY. REV. STAT. ANN. § 413.140(1)(a)).

As to any present-day case in controversy, the plaintiff has demonstrated none. "[W]hen seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). "[P]ast exposure to illegal conduct does not in itself show a present case of controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir.) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)), *cert. denied*, 534 U.S. 955 (2001). While the plaintiff broadly seeks an injunction to "Stop and cease any Further violations of The 1976 unpublished Opinion," he wholly fails to articulate any specific, ongoing violations. "It is not enough for a complaint

under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Furthermore, allegations premised upon mere conclusions, such as those advanced by the plaintiff with respect to any present violation of federal law, fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim).

Because the plaintiff has failed to state any cognizable § 1983 claim against the defendants, the Court will dismiss the § 1983 claim pursuant 28 U.S.C. § 1915A(b)(1).

### B. Americans With Disabilities Act

The plaintiff alleges that the defendants violated the ADA "by violating the 1976 Supreme Court decree and committing [him] To The Kentucky Correctional Psychiatric Center [] without due process of law; where he has a disability." The plaintiff fails to specify under which Title of the ADA he brings his claims, and he cites to only one specific provision of the ADA. Namely, the plaintiff cites to 42 U.S.C. § 12202, which deals with state immunity. As damages are not involved in this action, that section has no bearing on the case.

Because the plaintiff fails to identify the Title under which he seeks relief, the Court will briefly examine all three sections. Title I involves discrimination in the employment setting, which is not present here, and Title III applies to public accommodations in interstate commerce, such as hotels, restaurants, and privately operated transportation services, which is also not the case here. *See* 42 U.S.C. §§ 12112, 12182, 12184. Under Title II of the ADA, "no qualified

individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  While Title II applies to public entities, the plaintiff fails to allege that he was excluded from participation in or denied the benefits of the services, programs, or activities of either the Warren Circuit Court or the KCPC.

For the foregoing reasons, the plaintiff has failed to set forth any claim under the ADA, and that claim must be dismissed under 28 U.S.C. § 1915A(b)(1).[1]

---

[1] It is also likely that the ADA claim is time barred.  Title II of the ADA does not contain a limitations period, and under such circumstance, federal courts apply the most analogous state statute.  *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985).  While neither the Supreme Court nor the Sixth Circuit has yet to determine the applicable statute-of-limitations period with respect to Title II claims, the Sixth Circuit has applied Kentucky's one-year statute of limitations for personal injuries actions to a claim under § 504 of the Rehabilitation Act ("RA"), *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 254-55 (6th Cir. 1994), which closely resembles the language of the ADA.  *See McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459-60 (6th Cir. 1997) ("It is well-established that the two statutes [the ADA and RA] are quite similar in purpose and scope.  'The analysis of claims under the [ADA] roughly parallels those brought under the Rehabilitation Act of 1973. . . .") (quoting *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir.1996)).  Thus, the instant ADA claim, filed in November 2004 and challenging the 1989 Warren Circuit Court events, was filed well outside the one-year limitations period.  Even if the five-year statute of limitations under the Kentucky Equal Opportunities Act is applicable, as argued by the plaintiff in *Southerland* with respect to the RA claim, the instant plaintiff's challenge to the 1989 proceedings is still time barred.

Finally, under 28 U.S.C. § 1658, "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."  § 1658(a).  "[Section] 1658 applies only to claims arising under statutes enacted after December 1, 1990."  *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 380 (2004).  Because Title II of the ADA was enacted on July 26, 1990, § 1658 does not apply.  *See* 42 U.S.C. § 12132; *Hedgespeth v. Tennessee*, 33 F. Supp. 2d 668, 678 n.15 (W.D. Tenn. 1998) ("Although Title II of the ADA did not go into effect until 1992, it was enacted before § 1658.  Thus, § 1658 does not provide the statute of limitations period."), *aff'd*, 215 F.3d 608 (6th Cir. 2000); *but see Holmes v. Texas A&M Univ.*, 145 F.3d 681, 686 (5th Cir. 1998) ("[I]t appears that the relevant provisions of Title II . . . did not become effective until after December, 1990.  Thus, § 1658 appears to provide an available limitations period to claims brought pursuant to such provision.").  Even if § 1658 were applicable, the present complaint was filed well outside the four-year limitations period found therein.

The Court will enter an Order consistent with this Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Attorney General, Commonwealth of Kentucky
4413.005