**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:04CV-P173-R**

**WILLIAM WALKER**                                                                            **PLAINTIFF**

**v.**

**STEVE WILSON**
**CHRIS COHRON**                                                              **DEFENDANTS**

**OPINION AND ORDER**

Plaintiff William Walker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (Docket No. 1). On initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed the entire action by Opinion and Order entered June 15, 2005 (Docket Nos. 3 & 4). Currently before the Court are Walker's motion for relief from judgment and a supplement thereto (Docket Nos. 6 & 7).

Walker first seeks relief under Rule 60(b)(1) claiming that "[t]his Court's decision was clearly erroneous" primarily in light of the so-called "Walker-Rule."[1] A claim of legal error, however, "must be brought within the normal time for taking an appeal." *Pierce v. United Mine Workers*, 770 F2d 449, 451 (6th Cir. 1985). Because Walker did not file his claim of legal error within 30 days of entry of the challenged June 15, 2005, judgment, *see* Fed. R. App. P. 4(a)(1), he is not entitled to relief under Rule 60(b)(1).

Walker next claims that he is entitled to relief under Rule 60(b)(5), again based primarily on the "Walker-Rule." Neither the "Walker-Rule" nor any other claim raised by Plaintiff

---

[1] According to Plaintiff, the "Walker-Rule" is "The 1976 Opinion of The Kentucky Supreme Court in [his] prior case Walker v. Commonwealth, File No. 76-SC-628 which determined The issue rule of evidence in The context of The Old Penal Statutes."

demonstrates, as required by subsection (5), that the Court's June 15, 2005, judgment has been satisfied, released, or discharged; that the judgment has been reversed or otherwise vacated; or that it is no longer equitable that the judgment should have prospective application. *See* Fed. R. Civ. P. 60(b)(5).

This leaves Walker's request for relief under Rule 60(b)(6). That subsection provides for relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The standard of proof for a motion under Rule 60(b)(6) is high. In fact, Rule 60(b)(6) "should apply only in 'exceptional or extraordinary circumstances' not otherwise addressed by the first five numbered clauses of the rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). No exceptional or extraordinary circumstances are present in this case. Walker simply attempts to relitigate claims previously raised and dismissed.

As Walker offers nothing in his Rule 60(b) motion or in his supplemental motion that would warrant the relief requested, **IT IS ORDERED** that those motions are **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Attorney General, Commonwealth of Kentucky
4413.005

2